DECISION
Michael J. Henderson, defendant-appellant, appeals the judgment of the Franklin County Court of Common Pleas, finding that he is a sexual predator. We affirm.
On May 7, 1993, appellant was indicted on five counts of rape and one count of felonious sexual penetration involving his stepdaughter, Jawana Poindexter, and two counts of gross sexual imposition involving his daughter, Mirah Henderson. State v.Henderson (Sept. 16, 1997), Franklin App. No. 97APA04-551, unreported (1997 Opinions 3845). Appellant pled guilty to raping Jawana and was sentenced to serve eight to twenty-five years in prison.
A sexual predator hearing was held for appellant on November 16, 1998. At the conclusion of the hearing, the court held that appellant was a sexual predator pursuant to R.C. 2950.90(C). Appellant appeals this determination and presents the following assignment of error:
 THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THE APPELLANT WAS A SEXUAL PREDATOR WHEN THE FACTS DID NOT SUPPORT THE DETERMINATION.
Appellant argues in his assignment of error that there was insufficient evidence to support a finding that he is a sexual predator. We disagree.
A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). After reviewing all testimony and evidence presented at a hearing conducted pursuant to R.C. 2950.09(B)(1), a judge shall determine by clear and convincing evidence whether the offender is a sexual predator. R.C. 2950.09(B)(3). In making the determination of whether the offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B).
An appellate court in reviewing a finding that the appellant is a sexual predator must examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the clear and convincing standard. State v. Smith
(June 22, 1999), Franklin App. No. 98AP-1156, unreported (1999 Opinions 1694, 1697). Clear and convincing evidence is that measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. State v.Sturgill (May 4, 1999), Franklin App. Nos. 98AP-979 and 98AP-980, unreported (1999 Opinions 1043, 1047), following Cincinnati BarAssn. v. Massengale (1991), 58 Ohio St.3d 121, 122.
In the present case, appellant had pled guilty to committing rape, an aggravated first degree felony pursuant to former R.C. 2907.02. Rape is considered a "sexually oriented offense" pursuant to R.C. 2950.01(D)(1). The trial court stated in its judgment entry that it determined that appellant was a sexual predator "pursuant to the factors set forth in R.C.2950.09(B)." A review of the transcript shows that the trial court found appellant to be a sexual predator "in large part * * * [based upon] a post-conviction probation report from the Adult Parole Authority." A review of the report shows that evidence was presented concerning appellant's likelihood of engaging in one or more sexually oriented offenses in the future. For example, the report, which was based upon interviews with the victims, detailed several sexually oriented offenses committed by appellant against his daughter Mirah Henderson, and his step-daughter, Jawana Poindexter. The report stated that Mirah was approximately nine years old and Jawana was fourteen years old at the time of the offenses.
After having reviewed the record, we find that sufficient evidence was presented to support the trial court's determination that appellant was a sexual predator. Appellant's actions were serious enough to indicate that he is likely to engage in one or more sexually oriented offenses. We have previously stated:
 * * * The age of the victim is probative because it serves as a telling indicator of the depths of offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable. * * *
State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported (1998 Opinions 368, 374-375), affirmed (1998), 84 Ohio St.3d 12. Additionally, since appellant engaged in sexual conduct with his daughter, given the "deeply ingrained and powerful social prohibitions against both incest and sexual relations with young children, the trial court could properly conclude that appellant's compulsion to commit these kinds of sexual offenses was deeply ingrained and that he was likely to re-offend." State v. Harden
(Oct. 29, 1998), Franklin App. No. 98AP-223, unreported (1998 Opinions 4961, 4966).
Accordingly, appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
BRYANT and KENNEDY, JJ., concur.